IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02131-WYD-CBS

SCOTT JURDEM,

    Plaintiff,

v.

BOARD OF ADJUSTMENT OF BOULDER COUNTY;
THE COUNTY OF BOULDER, COLORADO;
DAVID WEBSTER, P.E., CFM, Water Resources Engineer/Floodplain Administrator
(acting on behalf of the Boulder County Engineer);
HIGHLAND PROPERTIES 2905 LLC, a Colorado Limited Liability Company;
KAREN BERNARDI; and
MARC BERNARDI, individually,

    Defendants.

**ORDER**

THIS MATTER is before the Court on a review of the pending motions to dismiss filed by Defendants.  Plaintiff's Response Opposing County Defendants' Motion to Dismiss (filed November 10, 2005) attaches matters outside the pleadings.  Plaintiff has also filed a motion requesting discovery "if the Court intends to consider matters outside the pleadings in entering any of its rulings in relation to Defendants' *Motions to Dismiss* . . . ."  Mot. for Fed. R. Civ. P. 56(f) Continuance to Permit Discovery Prior to Any Adverse Ruling, at 1.

Pursuant to the Federal Rules, if a court does not exclude the matters presented that are outside the pleadings, a motion to dismiss pursuant to Rule 12(b)(6) shall be

treated as a motion for summary judgment. FED. R. CIV. P. 12(b); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995). I am unable to determine whether the matters that are attached to Plaintiff's response relate to the portion of the County Defendants' motion that seeks to dismiss Plaintiff's claims under Rule 12(b)(6), or whether they relate to the request to dismiss the claims under Rule 12(b)(1). *See* Board of Adjustment, County of Boulder and David Webster's Mot. to Dismiss Pl.'s First Am. Compl. filed October 25, 2005 (filed pursuant to both Rules 12(b)(1) and (6)).

If the evidence relates to the Rule 12(b)(1) motion, it generally would not need to be converted to a motion for summary judgment unless the jurisdictional question is intertwined with the merits. *Sizova v. Nat. Inst. of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002). If the evidence relates to the Rule 12(b)(6) motion, conversion may be required. *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000) (noting that conversion may be proper when non-movant appends materials to opposition brief and court considers them) (citing *Collier v. City of Chicopee*, 158 F.3d 601, 603 (1st Cir. 1998)); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713-14 (10th Cir. 2005) (holding that court did not err in conversion of motion to dismiss to motion for summary judgment when plaintiff's response introduced matters outside the pleadings).

Accordingly, it is

ORDERED that the parties shall file pleadings with the Court on or before **Thursday, December 1, 2005** advising whether any of the motions to dismiss that are pending should be converted to motions for summary judgment and/or whether the

Court should consider matters outside the pleadings in deciding the motions.

Dated:  November 17, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge